UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 12, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Myra S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-02588-BAH

Dear Counsel:

On October 10, 2022, Plaintiff Myra S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case, ECF 11, the parties' cross-motions for summary judgment, ECFs 12 and 15, and Plaintiff's reply, ECF 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on June 9, 2020, alleging a disability onset of March 30, 2020. Tr. 56–57. Plaintiff's claim was denied initially and on reconsideration. Tr. 71–72, 92–93. On February 11, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 16. Following the hearing, on March 24, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 16–26. The Appeals Council denied Plaintiff's request for review, Tr. 1–4, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520. "Under this process, an ALJ

---

[1] 42 U.S.C. §§ 301 et seq.

evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 30, 2020, the alleged onset date." Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "morbid obesity and degenerative joint disease of the right ankle." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "unspecified depressive disorder and adjustment disorder with mixed anxiety and depressed mood." Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant could not crouch or climb ladders, ropes, or scaffolds. The claimant can perform other postural movements occasionally. The claimant cannot operate foot controls with the right lower extremity. She cannot work at unprotected heights or near hazards as defined in the Dictionary of Occupational Titles.

Tr. 22. After considering testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff was able to perform past relevant work as a post office clerk (DOT[2] #243.367-014). Tr. 25. Though the position of post office clerk is generally performed at a light exertional level, "based on [Plaintiff's] testimony about how she actually performed her job, the vocational expert testified this was performed at the sedentary exertional level." *Id.* Thus, the VE testified Plaintiff could perform her past relevant work "as actually performed given the restrictions in the [RFC] above." *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV. **ANALYSIS**

On appeal, Plaintiff argues that substantial evidence does not support the ALJ's RFC determination "because the ALJ failed to properly evaluate the medical opinion of Ajit Kurup, M.D." ECF 12-1, at 7. Specifically, Plaintiff claims that the ALJ's consideration of Dr. Kurup's opinion failed to comply with the SSA's rules for evaluating medical opinions because "the ALJ provides no discussion or analysis of why she concluded the record evidence does not support Dr. Kurup's opinion that Plaintiff would need to change positions intermittently while sitting." *Id.* at 8–9. Defendant counters that the ALJ's RFC is "consistent with the regulations, well-reasoned, and supported by substantial evidence." ECF 15-1, at 5.

The process an ALJ must follow when evaluating medical opinions is well established. "For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, Civ. No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. § 404.1520c). An ALJ is required to "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id.* (citing 20 C.F.R. § 404.1520c(b)). Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions. *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)). Therefore, the ALJ is required to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the ALJ's] . . . decision." *Id.* Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)). Supportability generally refers to "the objective medical evidence and supporting explanations presented by a medical source." *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)).

Here, Plaintiff questions the ALJ's discussion of the medical opinion of Ajit Kurup, M.D.,

*Myra S. v. Kijakazi*
Civil No. 22-02588-BAH
September 12, 2023
Page 4

who examined Plaintiff on November 23, 2020. Tr. 23. Dr. Kurup's opinion provides, in part, that Plaintiff can "sit for extended periods of time with need to change positions intermittently; stand for 45 to 60 minutes; and walk at a slow pace for 30 minutes." Tr. 25. While the ALJ found that Dr. Kurup's opinion was "somewhat persuasive to the extent it is consistent with the evidence," the ALJ noted that "the evidence does not support that [Plaintiff] would need to change positions while sitting." *Id.* Plaintiff contends that the ALJ's failure to explain the supportability and consistency of this specific excerpted statement about Plaintiff's purported need to change positions while sitting constitutes error warranting remand. ECF 12-1, at 8–10. I disagree.

The ALJ here adequately evaluated Dr. Kurup's opinion. The ALJ appropriately analyzed the supportability of the opinion by considering Dr. Kurup's diagnostic and examination techniques, not only noting the observations made by Dr. Kurup but also taking note when Dr. Kurup's examinations were constrained, stating that "the claimant's range of motion in her knees and hips could not be evaluated due to obesity." Tr. 23–25; s*ee Michael C. v. Kijakazi*, Civ. No. BAH-22-0129, at *4 (D. Md. Oct. 24, 2022) (finding that ALJ adequately assessed supportability when ALJ noted provider's observations and results of examinations). In assessing the consistency of the opinion, the ALJ compared Dr. Kurup's opinion to other pieces of evidence in the record, providing specific citations to support their analysis. *See* Tr. 25 (citing to specific exhibits to support an analysis of consistency between the record and Dr. Kurup's opinion); *see also Shayna R. v. Kijakazi*, Civ. No. BAH-21-1803, 2022 WL 1239876, at *5 (D. Md. Apr. 27, 2022) (finding that ALJ adequately assessed consistency when ALJ noted specific instances of inconsistency between medical opinion and the record). Accordingly, the ALJ appropriately considered the "two most important factors" in evaluating Dr. Kurup's opinion. 20 C.F.R. § 404.1520c(b)(2).

Contrary to Plaintiff's assertions, the ALJ was not required to assess each claim made by Dr. Kurup individually. "[A]n ALJ is 'not required to articulate how [they] considered each medical opinion or prior administrative medical finding from one medical source individually.' Rather, an ALJ must only 'articulate how [they] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis.'" *Todd A. v. Kijakazi*, Civ. No. 3:20CV594 (DJN), 2021 WL 5348668, at*3 (E.D. Va. Nov. 16, 2021) (quoting 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1)). Indeed, "it is unreasonable to expect that the ALJ will recite every recommendation in every opinion and provide different reasoning for accepting or rejecting each portion." *Moore v. Saul*, 822 F. App'x 183, 186 (4th Cir. 2020), *abrogated on other grounds by Arakas v. Comm'r Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020). Thus, that the ALJ did not provide a thorough explanation of their analysis of Dr. Kurup's specific finding regarding Plaintiff's need to change positions while sitting does not negate their satisfactory analysis of the supportability and consistency of Dr. Kurup's opinion as a whole. Remand is not warranted based on the ALJ's evaluation of Dr. Kurup's opinion.[3]

---

[3] Plaintiff argues that the ALJ's purported error in evaluating Dr. Kurup's opinion is compounded because "Plaintiff's need to change positions while sitting . . . is both relevant and contested." ECF 12-1, at 11 (citing *Mascio*, 780 F.3d at 636). But the ALJ here did evaluate Plaintiff's need to change positions while sitting and adequately discussed Plaintiff's treatment for her foot and

V.    **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED and Defendant's motion for summary judgment, ECF 15, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

    Sincerely,

    /s/

    Brendan A. Hurson
    United States Magistrate Judge

---

ankle impairments. *See, e.g.*, Tr. 24 ("The claimant stated that she elevates her ankle six hours a day. The record shows that she had soft tissue swelling and tenderness in the right ankle . . . . Despite this, there is no indication that the claimant has been advised to elevate her right lower extremity.").